Jeffrey Greenman, Esq. (SBN 248980)
Sandra Greenman Carelli, Esq. (SBN 195131)
**GREENMAN LAW, P.C.**
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949)379-5225
Facsimile: (949) 415-5045
Email: jeffreygreenman@gmail.com
sandragreenmancarelli@gmail.com
Attorney for Plaintiffs JANE ROE and JANE DOE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, INDIVIDUALLY, and JANE DOE, INDIVIDUALLY<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY INC.<br><br>Defendants. | Case No.: 22-CV-1776-W-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

## MEMORANDUM OF POINTS AND AUTHORITIES

In this action, Plaintiff Jane Roe and Plaintiff Jane Doe bring claims on behalf themselves against Defendants for personal injuries due to Plaintiff Jane Roe ingesting acetaminophen during pregnancy which they alleged caused her daughter Plaintiff Jane Doe's Autism Spectrum Disorder ("ASD" or "autism") and Attention-Deficit

Hyperactivity Disorder ("ADHD"). Jane Roe and Jane Doe filed their Complaint as Jane Roe and Jane Doe, noting that "Their identities will be fully disclosed to Defendants and to the Court, so long as such identifying information is not released into the public record. Plaintiffs' motion to proceed under a pseudonym will be filed nearly contemporaneously with this Complaint, pending assignment of judge and case number." Complaint, Page 2, Fn 1. Procedurally at the time of filing this Motion, the Complaint has not yet been served but is in process. Accordingly, in bringing this administrative Motion, Jane Roe and Jane Doe make only the limited request that their personally identifying information be shielded from public disclosure. There is good cause to grant Jane Roe and Jane Doe this relief. Jane Roe and Jane Doe's lawsuit implicates a highly sensitive and private information, including confidential health information.

### ARGUMENT

### I. Legal Standard For Allowing Plaintiffs to Proceed Pseudonymously.

Courts in this circuit allow plaintiffs to use pseudonyms "when nondisclosure of the party's identity is 'necessary to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). In this circuit, courts must employ a balancing test in determining whether plaintiffs should be allowed to use pseudonyms. Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the

opposing party and the public's interest in knowing the party's identity." *Id*. At 1068. Part of this balancing test evaluates the "anonymous party's vulnerability." *Id.* (citing the "vulnerability of child plaintiffs"). The Ninth Circuit has identified three situations where a plaintiff may use a pseudonym. One of these situations is "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" *Id.*[1] The Ninth Circuit has noted that courts allow parties to proceed under a pseudonym "to protect a person from harassment, injury, ridicule or personal embarrassment," including in situations when anonymity is necessary to maintain privacy in sensitive and highly personal issues. *Id.* at 1068. When considering whether a party may proceed anonymously, Ninth Circuit courts consider whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

As discussed below, Jane Roe and Jane Doe's need to proceed pseudonymously constitutes a special circumstance that outweighs any prejudice that could occur as a result of them not publicly disclosing their identity.

**II. Plaintiffs Have A Need For Anonymity.**

---

[1] The other two grounds for proceeding anonymously are: when identification creates a risk of retaliation and when the anonymous party is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution. *Adv. Textile Corp.*, 214 F.3d at 1068. Plaintiffs do not seek to proceed pseudonymously on either of these two grounds.

Plaintiffs' Complaint contains highly sensitive personal mental health information related to severe mental disorder and the treatment received for those disorders, namely that Plaintiff Jane Doe has been diagnosed with and is treating for Autism Spectrum Disorder ("ASD") and attention-deficit hyperactivity Disorder ("ADHD") . This sensitive and private personal health information is central to the case and demonstrates why the Pseudonym Plaintiffs have a strong need to proceed anonymously. *See B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020).

Moreover, as an adult suffering from severe mental health problems, Plaintiff Jane Doe is particularly vulnerable to social stigma and possible damage to her reputations and employment. For Jane Doe, however, being publicly identified with mental health problems would cause social stigmatization, an invasion of their privacy, and could be damaging to Jane Doe's educational or professional prospects in the future. Jane Doe fears that should her condition become publicly known it will interfere with her ability to get into graduate school and to secure employment after that. Her fears are well grounded because the sad reality is that individuals with mental illness continue to suffer from social stigma and discrimination. Prof. Graham Thornicroft, Ph.D., et al., *Evidence for Effective Interventions to Reduce Mental-Health-Related Stigma and Discrimination*, 387 THE LANCET 1123-32 (2016). The same applies to Plaintiff Jane Roe, whose daughter may face social stigma related to her mental illnesses if her or her mother's personal identifying information is released to the

public; if Jane Roe's identity is made public, Jane Doe can be quickly and easily identified.

This Court has recognized the effect social stigmas may have on a party, as it has cited social stigmatization as a reason to allow a party to proceed anonymously. *See Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (identifying social stigma from mental illness as a strong interest in proceeding anonymously). *See also Roe v. United States*, No. 1:19-cv-00270-DAD-BAM, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020) (citing social stigma stemming from plaintiffs' prior mental health evaluations as a reason to proceed anonymously); *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (granting pseudonym motion and noting "social stigmatization" as "among the 'most compelling' reasons for permitting anonymity"); *Doe v. Penzato*, No. CV10–5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) (allowing a plaintiff to proceed anonymously where "the attention that may result from making [the plaintiff's] name public in connection with this lawsuit would make her trauma worse"). For these same reasons, the Pseudonym Plaintiffs have a strong need to proceed anonymously.

Courts in this district have held that litigants may proceed anonymously most often in cases involving, among other things, mental illness. *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981). The *Rostker* court noted that a "common thread running through these cases is the presence of some social stigma … to the plaintiffs attaching to disclosure of their identities to the public record." *Id.*; *see also Jane Roes 1-2 v.*

*SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) ("This district has thus considered 'social stigmatization' among the 'most compelling' reasons for permitting anonymity."); *Dep't of FairEmp't & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2012 WL 3583023, at *1 (N.D. Cal. Aug. 20, 2012) (finding plaintiffs showed need for anonymity where they feared social stigma resulting from public revelation of disabilities); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) (granting motion to proceed pseudonymously where "the attention that may result from making [plaintiff's] name public in connection with [the] lawsuit would make her trauma worse, by among other things, triggering her reliving of the traumatic experiences and resulting in additional invasion of her privacy.").

Jane Doe is fearful that the public disclosure of her identity along with her diagnoses will harm her ability to obtain future employment. (*See* Declaration of Jane Doe in Support of Plaintiffs' Administrative Motion to Proceed Under Pseudonym) Her anxiety about her conditions is high, and the possibility that her conditions will be revealed to the world is so scary that she would rather withdraw this lawsuit to be compensated for the injuries caused to her than to disclose her name along with the conditions publicly. (*See* Declaration of Jane Doe in Support of Plaintiffs' Administrative Motion to Proceed Under Pseudonym). She is fearful of the trauma she will face if her name is revealed publicly and is afraid of the invasion of her privacy to such an extent that the world will know about her mental health conditions, that she

will dismiss this lawsuit rather than to lawfully exercise her rights to sue for her injuries in order to avoid suffering such additional traumas.  (*See* Declaration of Jane Doe in Support of Plaintiffs' Administrative Motion to Proceed Under Pseudonym).  Jane Doe could be permanently tagged with the stigma of having a mental health condition, which may interfere with her ability to obtain entrance to graduate school and interfere with any professional life that she chooses to pursue. *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 995 (granting motion to proceed pseudonymously where "plaintiffs express reasonable concerns that disclosing their identities would threaten them with [] career … harm").

Finally, Jane Doe's psychiatrist, Alison Trexler, M.D., submitted a Declaration stating, among other things, that the disclosure of Jane Doe's identity stating that Jane Doe is "highly anxious about the potential disclosure of her name in public, and the public disclosure of her name in a lawsuit concerning her diagnosis of ASD would inevitably cause embarrassment and shame, and risk generating and triggering the Thoughts and behaviors associated with her anxiety as a result of the ASD. Details of her medical condition will become known to the general public, the thought of which is highly distressing to PATIENT. If the PATIENT's name and highly private medical condition of ASD become accessible to the public at large, it is my professional opinion that PATIENT will suffer panic attacks, severe anxiety and severe emotional distress. These panic attacks, severe anxiety and severe emotional distress will have a substantial impact on her daily life." (*See* Declaration of Alison Trexler, MD, Par. 8)

Further, she declared, "It is my belief that PLAINTIFF will not continue with this lawsuit if she is forced to reveal her name publicly." (*See* Declaration of Alison Trexler, MD at Par. 11) Finally she declared, "PLAINTIFF's state of mind is fragile and vulnerable. From treating her I can attest to the fact that the additional stress and embarrassment of her identity being revealed publicly in this lawsuit will have a serious negative impact on her mental and emotional well-being, and will likely caused increased anxiety and panic attacks which will interfere with her day to day ability to function." (See Declaration of Alison Trexler, Par. 12)

### III. There Will Be No Prejudice to Defendants.

There will be no prejudice to Defendants. Notably, Jane Roe and Jane Doe will not keep their identities shielded from Defendants, only from the public. The Pseudonym Plaintiffs will voluntarily disclose identities to Defendants, and they have not discussed this case publicly. See *Doe v. Barr,* No. 20-cv 02917-JSC, 2020 WL 2733928, at *1 (N.D. Cal. May 26, 2020) (finding no good cause for anonymity when the movant disclosed his identity in another court filing). Moreover, the Pseudonym Plaintiffs will fully cooperate in discovery, and they seek only to prevent their identifying information from being disclosed on the public record. Because Defendants will know the true identities of the Pseudonym Plaintiffs, they will have the full ability to defend itself in this litigation. See *SFBSC Mgm't, LLC,* 77 F. Supp. 3d at 995 ("[W]hatever knowledge defendants have of plaintiffs' identities . . . lessens their

claims to be prejudiced by the use of pseudonyms.") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11).

Further, Defendants are also not prejudiced by allowing Jane Roe and Jane Doe to proceed on their anonymous Complaint given the early stages of this case. *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008) (need for anonymity outweighed prejudice to defendants "at the present time" in early stage of proceedings). It is common for courts to grant leave to file a complaint anonymously while reserving the right to order disclosure of a plaintiff's identity at a later stage of the litigation. If any unforeseen prejudice to Defendants arises, any such prejudice can be reweighed against Jane Doe and Jane Roe's interest in proceeding pseudonymously at that time.

## IV. The Public's Interest Will Not Be Significantly Impacted.

"[L]awsuits that enforce statutes and constitutional rights generally benefit the public" and "courts have an interest for such cases to be decided on the merits." *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012). Because "forcing plaintiffs to disclose their identity would likely chill their willingness to challenge statutory and constitutional violations," allowing anonymity in such cases, like this one, serves the public's interest by enabling it to go forward. *Id.* Plaintiffs here will dismiss their case if they are forced to reveal their identities publicly, so allowing the case to go forward under a pseudonym serves the public interest by enabling it to go forward.

- 9 -
PL'S EX PARTE APPLICATION TO PROCEED
UNDER PSEUDONYM; CASE NO. 22-CV-1776-W-WVG

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiffs Jane Roe and Jane Doe request that the Court grant their Administrative Motion to Proceed Under Pseudonym and to Seal Personally Identifying Information.

DATED: December 2, 2022					GREENMAN LAW, P.C.

							By:	_____
								Sandra Greenman Carelli
								Attorney for Plaintiffs
								JANE ROE and JANE DOE

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: December 2, 2022					GREENMAN LAW, P.C.

							By:	_____
								Sandra Greenman Carelli, Esq.
								Attorneys for Plaintiffs
								JANE ROE and JANE DOE